1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACY N. BENDER,

                              Plaintiff,

         v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:13-cv-05957-KLS

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND REMANDING FOR
AN ADMINISTRATIVE HEARING

Plaintiff has brought this matter for judicial review of defendant's dismissal of his claim

for disability insurance benefits.  This matter is currently before the Court on defendant's motion

to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of

Civil Procedure ("Fed. R. Civ. P.") 12(b)(1). See ECF #10.  Pursuant to 28 U.S.C. § 636(c), Fed.

R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the

undersigned Magistrate Judge.  After reviewing defendant's motion, plaintiff's response thereto

and the remaining record, the Court hereby finds that for the reasons set forth below defendant's

motion should be denied and this matter should be remanded for an administrative hearing on the

ORDER - 1

merits of plaintiff's disability claim.

<u>STANDARD OF REVIEW</u>

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989); <u>see also</u> <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 980 (9th Cir. 2007). The party opposing the motion then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." <u>St. Clair</u>, 880 F.2d at 201. As such, it is not an abuse of the Court's discretion to consider such "extra-pleading material," even when "necessary to resolve factual disputes." <u>Id.</u> "[A]ll disputed facts," however, are to be "resolved in favor of the non-moving party." <u>Costco v. United States</u>, 248 F.3d 863, 865-66 (9th Cir. 2001); <u>see also</u> <u>Murphy v. Schneider National, Inc.</u>, 362 F.3d 1133, 1139 (9th Cir. 2004); <u>McNatt v. Apfel</u>, 201 F.3d 1084, 1087 (9th Cir. 2000) (court favorably views facts alleged to support jurisdiction).

<u>FACTUAL AND PROCEDURAL HISTORY</u>

On May 14, 2012, plaintiff filed an application for disability insurance benefits, which was denied both on initial administrative review on July 17, 2012, and on reconsideration on November 5, 2012. <u>See</u> ECF #10-2, pp. 2-3, Exhibits 1-2. On January 28, 2013, plaintiff hired an attorney to represent him in regard to the administrative appeal proceedings. <u>See</u> ECF #11-1, p. 1. According to plaintiff's attorney, when plaintiff hired him:

> . . . He explained to us that he had called Social Security in an attempt
> to appeal the November 5, 2012 reconsideration denial. On December 31,
> 2012, he had spoken with a Social Security employee named Denitra, who
> told him that the appeal forms would be mailed out to him, and they would be
> date stamped with the current date. At that time [plaintiff] was too ill to travel

to the Social Security office.

After several weeks, when he had still not received the forms in the mail, he called again and was told to go into the office.  His wife went into the office for him and picked up the appeal forms, and he then contacted my firm and asked for help.

ECF #11-2, pp. 1-2.  That same day, plaintiff's attorney's office sent to the Social Security

Administration's ("SSA") Puyallup field office via facsimile a request for an administrative

hearing, along with a good cause statement from plaintiff.  See ECF #11-1, pp. 1, 3-6, ECF #11-

2, p. 2; see also ECF #10-2, p. 3, Exhibit 3.  In that statement, plaintiff wrote in relevant part:

I have called this [SSA] number 1[-]800-772-1213[1] to request an appeal and and [sic] did not receive it by mail[.]  [T]he last time I called them was on Dec 31, 2012[.]  I talked to Denitra at 12:19 to 12[:]45[.]  I told her [sic] have not got my appeal papers in the mail[.]  I told her I was sick and asked do I need to go down to [the] SS[A] office to do this and she said no that she would send them in the mail and they would be stamped for the 31[st] of Dec[.] so it would be fine[.]  I asked for [sic] name and a reference number[.]  She gave me her name but did not give me a reference number[.]  She said she didn't have one.  So I have it on my phone record so when I did not get the appeal in the mail again, I called, the lady told me to go down to the SS[A] office[.]  So my wife whent [sic] for me because I can't sit that long, someone needs to track the phone confer [sic], down and find out why she never sent my paper work[.]  I have done everything the[y] request[ed] of me . . .

ECF #11-1, p. 4.

On February 27, 2013, having received no response from the SSA, plaintiff's attorney's

office re-faxed the above paperwork to the Puyallup field office.  See ECF #11-1, pp. 1, 7.  On

April 18, 2013, plaintiff's attorney's office received confirmation of receipt of that paperwork by

the Puyallup field office.  See ECF #11-1, p. 9.  On April 25, 2013, plaintiff's attorney's office

received a notice from the Chief Administrative Hearing administrative law judge ("ALJ"),

informing them that they needed to provide an explanation as to why the filing of the hearing

request was late.  See ECF #11-1, p. 1, ECF #11-2, p. 2.  On April 30, 2013, plaintiff's attorney's

---

[1] See ECF #11-1, p. 5.

ORDER - 3

office responded by faxing a statement explaining their attempts to file the hearing request, along

with the good cause statement that previously twice had been sent to the Puyallup field office.

See ECF #11-1, pp. 1, 8-10.

On May 8, 2013, however, plaintiff's request for a hearing was dismissed by an ALJ. See

ECF #10-2, p. 3, Exhibit 4.  In her order of dismissal, the ALJ found in relevant part:

> This claim was denied initially on July 17, 2012 and upon reconsideration on
> November 5, 2012.  Thereafter, the claimant filed an untimely written request
> for hearing on April 18, 2013. . . .
>
> An Administrative Law Judge may dismiss a request for hearing if the
> claimant did not request a hearing within the stated time period and no
> extension of time has been granted for requesting the hearing (20 CFR
> 404.957(c)(3)).
>
> A request for hearing must be filed within 60 days after the date the claimant
> received notice of the previous determination (or within the extended time
> period if an extension of time has been granted) (20 CFR 404.933(b)(1)). The
> notice of the previous determination is presumed to have been received 5 days
> after the date on the notice, unless the claimant can establish that he did not
> receive the notice within the 5-day period (20 CFR 404.901).
>
> If the claimant has a right to a hearing, but has not requested one in time, he
> may ask for more time to request the request.  The request for an extension of
> time must be in writing and give the reasons why the request for a hearing was
> not timely filed.  If the claimant can establish good cause for missing the
> deadline, the time period will be extended.  To determine whether good cause
> exists, the standards explained in 20 CFR 404.911 are used (20 CFR
> 404.933(c)).
>
> The claimant filed the request for hearing more than 65 days after the date of
> the notice of reconsideration determination and the claimant has not
> established that he did not receive this determination within 5 days of this
> date.  Accordingly, the request for hearing was not filed within the stated time
> period.
>
> In terms of extending the time to file the request, the claimant stated that he
> missed the deadline to request a hearing.  The undersigned has considered his
> explanation under the standards set forth in 20 CFR 404.911 and finds that the
> claimant has not established good cause for missing the deadline to request a
> hearing for the following reasons:

ORDER - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

> . . . The claimant was sent the [reconsideration] denial at his correct address, along with the explanation that if he disagreed he could file an appeal within 60 days. On January 28, 2013, the claimant retained Richard F. Rose as a representative, and a Request for Hearing by Administrative Law Judge apparently was completed on that date, which was about three weeks after the deadline for the appeal. However, that request was not filed until April 18, 2013. This was 164 days from the decision on reconsideration. Giving the claimant 5 days to account for mailing, this was 99 days after the due date.
>
> The claimant does not contend he did not receive the decision on reconsideration. The claimant filed an undated handwritten statement along with the April 18, 2013, appeal stating that he had called the Social Security office on December 31, 2012, and was told he would be sent the appeal papers in the mail, and that when he returned them they would be stamped as received on December 31, 2012. The claimant stated he did not receive the papers, and his wife then went to pick up the papers. The date this happened is not clear. There was no explanation given for why it took from January 2013 to April 18, 2013, to file the appeal. Therefore, even though the claimant's delay in filing from December 31, 2012, to January might be explained by the claimant's not receiving the requested paper work, there is no explanation at all for the delay until April 18, 2013. The claimant filed the same statement again on April 30, 2013, after he and his attorney were sent a written notice giving the opportunity to explain why the appeal was late.
>
> Because the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated April 18, 2013, is dismissed and the reconsideration determination dated November 5, 2012, remains in effect.

Id., Exhibit 4. Plaintiff's request for review of the ALJ's order of dismissal –along with a letter from his attorney explaining why good cause existed – was submitted to the Appeals Council in early July 2013, but that request was denied August 28, 2013, because it found "no reason under our rules" for doing so. See ECF #10-2, p. 3, Exhibits 5-6; ECF #11-2, p. 2.

On December 2, 2013, plaintiff filed his complaint with the Court seeking judicial review of the dismissal of his request for a hearing, asserting that the request was improperly dismissed in violation both of the Commissioner's regulations and his procedural due process rights, and

ORDER - 5

requesting that it be reversed and that defendant be ordered to hold a hearing on the merits of his disability claim. See ECF #5, p. 3.  On April 21, 2014, defendant filed her motion to dismiss the complaint, arguing plaintiff failed to exhaust his administrative remedies. See ECF #10.  In his response to defendant's motion, plaintiff argues it should be dismissed, and again asserts that this matter should be remanded and that defendant should be ordered to hold a hearing on the merits of his disability claim, because defendant failed to find he had good cause for the late filing of his request for a hearing, which violated both her own regulations as well as his constitutional right to due process.  No reply to plaintiff's response has been filed by defendant.  This matter thus is now ripe for the Court's review.

<u>DISCUSSION</u>

Pursuant to 20 U.S.C. § 405(g), prior to seeking judicial review of the denial of his claim for benefits plaintiff must obtain a "final judgment" from the Commissioner of Social Security (the "Commissioner").[2] Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); see also Heckler v. Ringer, 466 U.S. 602, 617 (1984) ("§ 405(g) is the only avenue for judicial review" of claims for benefits).  "A final judgment" in the context of 42 U.S.C. § 405(g) "consists of two elements: the presentment of a claim to the [Commissioner] and the exhaustion of administrative remedies." Johnson, 2 F.3d at 921.  "The presentment requirement is jurisdictional, and therefore cannot be waived." Id.; see also Heckler, 466 U.S. at 617 (nonwaivable requirement in section 405(g) that claim for benefits be presented to Commissioner).

---

[2] Section 405(g) reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g).

ORDER - 6

The presentment requirement is satisfied when an application for disability benefits has been properly submitted to the Commissioner. Mathews v. Eldridge, 424 U.S. 319, 329 (1976) (concluding that complaint was sufficient as it alleged claims for benefits had been "fully presented" to "[the] district Social Security Office and, upon denial, to the Regional Office for reconsideration.") (quoting Weinberger v. Salfi, 422 U.S. 749, 764-65 (1975) (internal quotation marks omitted)); see also Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989).  In this case, as defendant acknowledges, plaintiff filed an application for benefits, which was denied, and thus the presentment requirement has been satisfied here.

Defendant argues, however, that plaintiff failed to satisfy the second element, exhaustion of administrative remedies, by not receiving a "final decision" from the Commissioner regarding the dismissal of his claim for disability benefits prior to seeking judicial review.  As noted above, pursuant to 42 U.S.C. § 405(g) judicial review is available "after any final decision of the Commissioner . . . made after a hearing."  The meaning of the term "final decision" in 20 U.S.C. § 405(g) is left to the Commissioner "to flesh out by regulation." Weinberger, 422 U.S. at 766; see also Mathews, 424 U.S. at 330 ("[U]nder s 405(g) the power to determine when finality has occurred ordinarily rests with the [Commissioner].").

The Commissioner's regulations provide that a "right to judicial review" exists only after all "necessary administrative steps" have been taken to complete the "administrative review process," including a hearing before an ALJ. 20 C.F.R. § 404.900(a).  Indeed, both the Supreme Court and the Ninth Circuit have expressly held that 42 U.S.C. § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing'," that is "a final decision on the merits." Califano v. Sanders, 430 U.S. 99, 108 (1977) ("Congress' determination so to limit judicial review to the original decision denying benefits is

ORDER - 7

a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims."); Udd v. Massanari, 245 F.3d 1096, 1098 (9th Cir. 2001) (judicial review limited to final decision made after hearing); Bass v. Social Security Admin., 872 F.2d 832, 833 (1988) (civil action may be brought only after claimant has been party to hearing held by Commissioner, and Commissioner has made final decision on claim).

Judicial review thus is not available for those denials of requests for agency action made without a hearing. See Califano, 430 U.S. at 986 (rejecting claim that dismissal of petition to reopen prior final decision constituted final agency decision subject to judicial review, because such dismissal "may be denied without a hearing").  There are some cases, however, where "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment [regarding when finality in the administrative review process occurs] is inappropriate." Mathews, 424 U.S. at 330.  These involve challenges to the agency's decisions made "on constitutional grounds," to which is applied "the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." Califano, 430 U.S. at 109.

The reason for this exception is because constitutional questions "obviously are unsuited to resolution in administrative hearing procedures" making access to the courts "essential" to deciding them. Id.  As such "a statutory scheme" will not be interpreted as foreclosing judicial review unless there is "clear and convincing" evidence of congressional intent to do so. Id. (citation omitted); see also Boettcher v. Secretary of Health and Human Services, 759 F.2d 719, 721 (9th Cir. 1985).  However, the exception exists solely for those constitutional claims that are "colorable". Dexter, 731 F.3d at 980 (citation omitted).

As noted above, plaintiff argues that in failing to find good cause for the late filing of his

ORDER - 8

hearing request, the Commissioner violated his constitutional procedural due process rights.  A constitutional claim will be found to be "not 'colorable', if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous.'" Hoye v. Sullivan, 985 F.2d 990, 991-92 (9th Cir. 1992) (citations omitted).  Thus, "mere allegation" of a due process violation is insufficient to raise a colorable constitutional claim "to provide subject matter jurisdiction." Id.; see also Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir.2008) (mere allegation of due process violation does not constitute colorable constitutional claim, rather claim must be supported by "facts sufficient to state a violation of substantive or procedural due process") (citation omitted).  The Court finds plaintiff has shown his claim to be more than a "mere allegation" and thus to be colorable.

Due process "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews, 424 U.S. at 332.  Claims alleging violations of procedural due process "require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).  As for the first requirement, "applicants for social security disability benefits" have "a property interest in those benefits," and thus "are entitled to due process in the determination of their claims." Holohan v. Massanari, 246 F.3d 1195, 1209 (9th Cir. 2001)) ("We recognize this principle as governing administrative adjudications of social security benefit claims.") (citing Richardson v. Perales, 402 U.S. 389, 398, 401–02 (1971)); Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir.1990) ("Appellant is no longer working and alleges that he cannot work because of his physical maladies.  He therefore has a significant property interest in receiving disability benefits"); see also Kildare, 325 F.3d at 1081, 1085 (appellants whose applications

ORDER - 9

were denied at initial administrative review level had constitutionally protected property interest in receiving disability benefits).

Plaintiff's application for disability benefits was denied at the initial and reconsideration levels of administrative review. He therefore had a constitutionally protected property interest in those benefits. The Court thus "must determine what process is due" him. Gonzalez, 914 F.2d at 1203. "[D]ue process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Williams v. Mukasey, 531 F.3d 1040, 1042 (9th Cir. 2008) (quoting Jones v. Flowers, 547 U.S. 220, 226 (2006)). The Court finds that because he was not afforded a proper opportunity to present his reasons for filing his hearing request late, plaintiff's right to procedural due process was violated.

According to the Commissioner's regulations, a request for a hearing may be dismissed by an ALJ if the ALJ "decides that there is cause to dismiss" that request, because the claimant "did not request a hearing within the stated time period and" the time for requesting one has not been extended. 20 C.F.R. § 404.957(c)(3). If a claimant requests an extension of time to request a hearing and shows "good cause for missing the deadline, the time period will be extended." 20 C.F.R. § 404.933(c). "To determine whether good cause exists," the Commissioner "use[s] the standards explained in [20 C.F.R.] § 404.911," which reads in relevant part:

> (a) In determining whether you have shown that you had good cause for missing a deadline to request review we consider--
>
> > (1) What circumstances kept you from making the request on time;
> >
> > (2) Whether our action misled you;
> >
> > . . .

ORDER - 10

(4) Whether you had any physical, mental, educational, or linguistic limitations . . . which prevented you from filing a timely request . . .

20 C.F.R. §404.933(c), § 404.911(a).  The Commissioner's regulations also provide "[e]xamples

of where good cause may exist," including, but not limited to the following:

(6) We gave you incorrect or incomplete information about when and how to request administrative review . . .

. . .

(9) Unusual or unavoidable circumstances exist, . . . which prevented you from filing timely.

20 C.F.R. § 404.911(b).

A request for a hearing before an ALJ "must be filed . . . [w]ithin 60 days after the date

[the claimant] receive[s] notice of the previous determination or decision (or within the extended

time period if [the Commissioner extends it as provided in 20 C.F.R. § 404.933(c)])." 20 C.F.R.

§ 404.933(b)(1).  The date of receipt of notice is defined as meaning "5 days after the date on the

notice," unless the claimant shows that it was not received "within the 5–day period." 20 C.F.R.

§ 404.901.  Plaintiff's request for reconsideration was denied on November 5, 2012, and thus he

had until January 9, 2013, to file his request for a hearing.  Plaintiff claims – and his attorney at

the time confirms he told him this – that he contacted the local SSA field office on December 31,

2012, in an attempt to appeal that denial, and that a Social Security employee told him the appeal

forms, date stamped with the current date, would be mailed to him.[3]

In his decision, the ALJ stated that the request for a hearing plaintiff's attorney's office

apparently completed on January 28, 2013, was not filed until April 18, 2013. See ECF #10-2,

---

[3] Because all disputed facts are to be resolved in favor of the non-moving party, and because defendant did not file any reply to plaintiff's response, the Court takes the claims and statements contained in the declaration of plaintiff's attorney at the time and the other documents plaintiff submitted with his response to be true.

ORDER - 11

Exhibit 4.  She further stated that "even though [plaintiff's] delay in filing from December 31, 2012, to January [2013,] might be explained by [him] not receiving the requested paper work [from the Puyallup field office], there is no explanation at all for the delay until April 18, 2013." Id.  But as noted above, the completed hearing request was submitted to the Puyallup field office via facsimile on January 28, 2013, and then again on February 27, 2013, due to the SSA's lack of response.  Both faxed submissions, furthermore, included plaintiff's statement setting forth the reasons for the late filing, as did the April 30, 2013 response that was faxed to the ALJ more than a week prior to the issuance of her decision, and the letter plaintiff's attorney submitted to the Appeals Council seeking review of that decision.

At the very least, "[d]ue process requires" that the Commissioner consider all "potentially valid reasons" for a claimant's failure to timely file a request for a hearing recognized as such by agency regulations. Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013).  In Dexter, "[a]lthough the ALJ addressed (and reasonably rejected) the [claimant's] first reason [for the delay in filing her hearing request], he did not acknowledge [her] other two reasons notwithstanding that SSA regulations list them as '[e]xamples of circumstances where good cause may exist'" in violation of her right to due process. Id. ("It thus appears that the ALJ did not consider Dexter's potentially valid reasons for her delay.  Due process requires as much.") (quoting 20 C.F.R. § 404.911(b)).  As the Ninth Circuit further explained:

> Moreover, when the Commissioner promulgates regulations explaining what circumstances may constitute good cause and an applicant relies on one or more of them in explaining her delay, some explanation is required of why the applicant's potentially valid reasons for good cause are rejected. We have recognized as much in other contexts involving dispositive rulings.
>
> Giving an explanation for significant rulings is an important component of due process. It lets the adversely affected party know that the judge has heard and understood its argument, and that the judge's ruling is based on

ORDER - 12

> the facts and the law. An explanation also allows the judge to confirm that his ruling is correct. If he is unable to articulate a plausible rationale for his ruling, he may think better of it. Finally, and not least, by failing to give any indication that he applied the correct legal standard, [a] judge ma[kes] appellate review difficult.

Id. (quoting United States v. Hernandez-Meza, 720 F.3d 670, 767-68 (9th Cir. 2013)).

As noted above, in determining whether good cause exists for filing a request for a hearing late, the SSA is to consider the circumstances that kept the claimant from making the request on time, whether its own actions misled the claimant and whether the claimant had any physical, mental or other limitations that prevented the request from being filed timely. See 20 C.F.R. § 404.911(a).  Further, the non-exclusive list of examples of good cause set forth by the Commissioner include where the SSA gives the claimant "incorrect or incomplete information about when and how to request administrative review," as well as any "[u]nusual or unavoidable circumstances" that prevented timely filing. 20 C.F.R. § 404.911(b).

Because the evidence plaintiff has submitted shows he presented reasons to the SSA "that constituted good cause under the Commissioner's regulations," he has "state[d] a colorable due process claim." Dexter, 731 F.3d at 981.  First, the SSA's own actions misled plaintiff into believing he would be able to file his hearing request on time, by informing him that the proper appeal papers would be sent to him and would be backdated to before the deadline for filing the request.  The SSA's failure to then do what it informed plaintiff it would do in regard to those papers also can be said to amount to incorrect or incomplete information about when and how to request further administrative review.  Given plaintiff's claim that he was sick when he contacted the Puyallup field office via telephone on December 31, 2012, this also raises the question as to whether a mental and/or physical impairment prevented him from otherwise filing his request for a hearing in a timely manner in person.  To the extent that he may have been able to do so at the

ORDER - 13

time, furthermore, he was informed by the Puyallup field office that this would not be necessary, and thus this avenue was closed to him by the SSA's own actions as well.

Lastly, assuming that it was reasonable for plaintiff to take the Puyallup field office at its word when it informed him as to what he needed to do to continue his administrative appeal,[4] all of the above can be said to constitute unusual, or at the least, unavoidable, circumstances that prevented timely filing. The Court also finds the inexplicable failure of the SSA and the ALJ to realize that plaintiff had submitted his request for a hearing and reasons as to why the request was late not once (and on the very same date the hearing request was completed), but twice due to the SSA's lack of response, prior to April 18, 2013 – and then again, one more time each before both the ALJ and the Appeals Council issued their decisions – in effect deprived him of the opportunity to present his reasons for the late delay in violation of his right to procedural due process. See Hernandez-Devereaux v. Astrue, 614 F.Supp.2d 1125, 1135 (D.Or. 2009) (claimant failed to advance colorable basis for finding due process violation in part because there was no allegation of denial of opportunity to prove her claim).

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds defendant violated both her own regulations and plaintiff's procedural due process rights in failing to afford him the opportunity to have his reasons for filing his request for a hearing late properly considered. The Court finds as well that plaintiff has established good cause for the late filing in light of the Commissioner's actions. Accordingly, defendant's motion to dismiss plaintiff's complaint (ECF #13) hereby is DISMISSED, and this matter hereby is REMANDED for further administrative proceedings,

---

[4] An entirely reasonable assumption given the fact that there is no indication or reason to believe that he should not have done and the fact that he was unrepresented at the time.

ORDER - 14

1   including a hearing before an ALJ on the merits of plaintiff's disability claim.

2        DATED this 10th day of June, 2014.

3

4

5

6   Karen L. Strombom
    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 15